## Abstracts of Last Week's SUPREME COURT OPINIONS

### No. 117

No. 18461—John W Hess v. William P. Devou and Charles P. Devou. Error to the Court of Appeals of Hamilton county.

456. ERROR—Jurisdiction of Hamilton Common Pleas over judgments of Cincinnati Municipal Court—That conferred by 12241 not to be taken away by special legislation.

703—LANDLORD AND TENANT. Liability of lessor out of possession for injuries.

MARSHALL, C. J.

1. Section 26 of the act of April 17, 1913 (103 O. L., 279, 286), as amended February 6, 1914 (104 O. L. 187, 18), does not by its terms exclude the jurisdiction of the court of common pleas of Hamilton county over proceedings in error from judgments of the municipal court of Cincinnati.

2. Section 12241, General Code, is a law of a general nature having uniform operation throughout the state and defines the general jurisdiction of the courts of common pleas of the state to reverse, vacate or modify judgments or other courts, including municipal courts.

3. The General Assembly is not empowered by special legislation to take away from the court of common pleas in any county any of the jurisdiction conferred by Section 12241, General Code.

4. A lessor of a building, out of possession and control, is not responsible for injuries caused by a defective condition of the premises arising during the continuance of the lease where no claim is made of defects in original construction. (Shindelbeck v. Moon, 32 Ohio St., 264, and Stackhouse v. Close, 83 Ohio St., 339, approved and followed.)

Judgment affirmed.

Day, Allen and Kinkade, JJ., concur.

## Weekly Abstract of PENDING CASES

### No. 118

No. 18847 Supreme Court.

OPPENHEIMER v. SCREW MACH. PRODUCTS CO.

Motion to direct Cuyahoga Appeals to certify record.

Dock. 12-8-24. 2 Abs. 770: for OA opinion. See 3 Abs. 57.

475. ESTOPPEL—Does acceptance of goods by buyer and payment of part purchase price constitute waiver of a defense of alleged illegality in contract?

Epitomized Opinion
Published only in Ohio Law Abstract

The Screw Machine Products Company referred to hereafter as the Seller originally filed its action at law in the Municipal Court of Cleveland against Oppenheimer referred to herein as the Buyer. The Buyer demurred to the Statement of Claim on the ground that the Seller was seeking to enforce an illegal contract. This demurrer was sustained and the Seller not desiring to plead further, final judgment in favor of the Buyer was rendered. The case came before the Cuyahoga Appeals on er-

ror. This court reversed the judgment of the Municipal Court evidently on the theory that the Buyer had either waived the defense of illegality, or had estopped himself from setting up this defense.

The facts alleged in the Statement of Claim and admitted by the demurrer were that the Seller sold and delivered certain electric inter-office communicating equipment to the Buyer under a contract of conditional sale which contained a provision waiving, in effect, the protection of 8570 GC in that it permitted the Seller to retake the property from the Buyer in the event of default, without refunding to the Buyer any payments theretofore made. The Buyer accepted the equipment and paid about two-fifths of the contract price.

Questions presented by the plaintiff are:

1. Is the contract illegal and non-enforcible at law in accordance with the decision of the Croneis case 89 OS 168?

2. If so, does Buyer's acceptance of the goods, and payment of part of the purchase price amount to a waiver of this defense, or create an estoppel against its assertion?

Attorneys—Mark A. Copeland and C. A. Quintrell, for Oppenheimer; Grossman & Grossman for Screw Mach. Co., all of Cleveland.

### No.119

Supreme Court No. 18848

VAN PELT v. BEACH

On motion to direct Cuyahoga Appeals to certify record.

Dock. 12-6-24. 2 Abs 770.

555. DAMAGES—If injury to patient, while under surgeon's care, is accidental, are damages recoverable?

Epitomized Opinion
Published only in Ohio Law Abstract

This cause was instituted in the Cuyahoga Common Pleas against Dr. Paul E. Beach, wherein Mrs. Jennie Van Pelt claimed damages sustained at a time when she was under anaethesia in an operating room in St. Luke's Hospital, while under the care of Dr. Beach. It seems that in the particular operation necessary for Mrs. Van Pelt's recovery, it was urgent to use an electric cautery, which Beach was alleged to have let fall upon the person of Mrs. Van Pelt, burning her in two places. She declares that Dr. Beach took charge of her for these burns, for nine weeks after she was discharged from the hospital; said burns she avers being painful and sore at all times.

Dr. Beach made a motion for a directed verdict which motion was sustained, and the Court of Common Pleas ordered the jury to find for Dr. Beach. The Court of Appeals affirmed the judgment of the trial court, holding:

A physician and surgeon is not an insurer, even though Dr. Beach, in this case, burned Mrs. Van Pelt on a part of the body distant from the place of the operation, it was purely accidental, and on that account plaintiff cannot recover.

Mrs. Van Pelt's contention is that, following Bowers v. Santee, 99 OS 361, which holds that a surgeon indemnifies the patient against any injurious consequences which may result from want of ordinary skill, care, and attention, and is liable for injuries and damages which proximately result from want of skill, care, and attention, Dr. Beach is liable.

Attorneys—David P. Bowden for Mrs. Van Pelt, Boyd, Cannon, Brooks & Wickham, for Beach, all of Cleveland.